| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18908770 | D1 FX | 37377345 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

|  |
|---|
| JAMES UNGER |
| VS |
| PARAGON SYSTEMS, INC. AKA PARAGON SYSTEMS I |

PLAINTIFF

DEFENDANT

PARAGON SYSTEMS, INC.
AKA PARAGON SYSTEMS I
13655 DULLES TECHNOLOGY DRIVE
SUITE 100

HERNDON VA 20171

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Said answer is required to be served on:



Plantiff's Attorney

CHRISTOPHER M. SAMS
8401 CHAGRIN RD #8

CHAGRIN FALLS, OH 44023-0000

Case has been assigned to Judge:

JOAN SYNENBERG
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By_____
Deputy

| DATE SENT |
|---|
| Dec 27, 2018 |

COMPLAINT FILED   12/21/2018



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
December 21, 2018 14:53

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 1582471

JAMES UNGER                              CV 18 908770

vs.

PARAGON SYSTEMS, INC. AKA PARAGON      **Judge:** JOAN SYNENBERG
SYSTEMS I

Pages Filed: 5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES UNGER<br>178 Burton Street<br>Avon Lake, OH 44012<br><br>Plaintiff,<br><br>v.<br><br>PARAGON SYSTEMS, INC. aka<br>PARAGON SYSTEMS I<br>13655 Dulles Technology Drive, Suite 100<br>Herndon, VA 20171<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br>Judge _____<br><br><br><br><br><br><br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff James Unger ("Plaintiff") alleges as follows for his Complaint against Defendant Paragon Systems, Inc. aka Paragon Systems I ("Defendant"):

1. Plaintiff worked for Defendant in Cuyahoga County, Ohio.

2. Defendant conducts business in Cuyahoga County, Ohio.

3. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

4. Venue is proper in Cuyahoga County, Ohio.

5. Plaintiff has suffered damages in excess of $50,000.

6. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

7. Plaintiff worked for Defendant as a Security Guard.

8. Plaintiff worked for Defendant from about 2002 until Defendant terminated his employment on or about September 28, 2018.

9. Plaintiff was sixty-seven years old at the time that Defendant terminated his employment

10. Plaintiff was qualified for his job as a Security Guard.

11. Defendant replaced Plaintiff with a significantly younger individual.

12. Plaintiff's replacement is not yet forty years old.

13. In or about September 2018, Plaintiff was working for Defendant in the Social Security building, which is located on 116th and Shaker.

14. While working, a person approached the building and twice pulled hard on the doors to the building, which were locked.

15. The person who pulled on the doors was later identified as Sophia Johnson ("Johnson").

16. Plaintiff opened the doors from the inside and informed Johnson that the building was currently closed.

17. After Plaintiff informed Johnson that the building was closed, Johnson said to Plaintiff "I'll kill you anyhow."

18. After saying "I'll kill you anyhow," Johnson held her arms outstretched and said "just arrest me."

19. Because of the threat that Johnson made ("I'll kill you"), Plaintiff told Johnson to place her hands behind her back.

20. Plaintiff cuffed Johnson's hands behind her back and walked her inside.

21. While walking her inside, in the foyer of the building, Johnson attempted to pull away from Plaintiff.

22. To stop Johnson from hurting herself or running away, Plaintiff pushed Johnson against a wall while simultaneously calling the "Mega Center" at Battle Creek, Michigan, which was the dispatch station for the Cleveland location.

23. Plaintiff was injured during this process.

24. He asked the "Mega Center" to call for the FPS (federal police).

25. Plaintiff brought Ms. Johnson inside, as was Defendant's policy.

26. Plaintiff maintained communication with both Battle Creek and the federal police department while he and Johnson waited inside.

27. The federal police eventually arrived and charged Johnson with disorderly conduct.

28. Plaintiff complied with Defendant's own requirements, because Defendant required that Plaintiff and all security guards always detain any threats.

29. Shortly after this occurred, Defendant terminated Plaintiff and used this event as its pretextual excuse for terminating his employment.

30. Defendant properly followed all of Defendant's own policies and protocols. Therefore, Defendant's explanation cannot be the reason for Plaintiff's termination.

31. Defendant actually terminated Plaintiff because of his age.

32. Defendant has recently terminated other employees who are over the age of forty, like Plaintiff.

33. Defendant recently tried to prevent Plaintiff from working by falsely claiming that he was unable to pass a stress test.

34. After Plaintiff threatened to bring a charge of age discrimination, Defendant retracted its false claim that he was unable to pass a stress test and permitted Plaintiff to continue working.

35. Defendant's proffered reason for the termination is a mere pretext.

36. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(L) and 4112.99.

37. Defendant terminated Plaintiff because of his age.

38. Plaintiff was qualified for the position that he held with Defendant.

39. Plaintiff suffered an adverse employment action by being terminated by Defendant.

40. The person who replaced Plaintiff is significantly younger than Plaintiff.

41. Plaintiff has been damaged by Defendant's age discrimination.

42. Defendant's conduct is the cause of Plaintiff's damages.

43. Defendant acted with actual malice, entitling Plaintiff to punitive damages under Ohio Revised Code Sections 4112.02(L) and 4112.99 and his attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for his lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*